**In re Ray David ROMERO, Debtor.**

**No. 14–53115–ASW.**

United States Bankruptcy Court, N.D. California.

March 12, 2015.

ing on the admission.

Deok J. Kim, Law Offices of Deok J. Kim, San Jose, CA, for Debtor.

## AMENDED ORDER REGARDING SANCTIONS AND CONTINUED HEARING ON REAFFIRMATION AGREEMENT [1]

ARTHUR S. WEISSBRODT,
Bankruptcy Judge.

The Reaffirmation Agreement ("Agreement") between Ray David Romero ("Debtor") and JP Morgan Chase ("Creditor") was filed on October 30, 2014. Debtor and Creditor both signed the Agreement. The Agreement is attachment "A" hereto. Debtor was not represented by counsel during the negotiation of the Agreement.[2] Accordingly, pursuant to 11 U.S.C. § 524(d), the Court **must** hold a hearing. At such a hearing, under 11 U.S.C. § 524(d)(2), the Court must "deter-

1. The hearing set on March 18, 2015 at 10:30 A.M. is now continued to March 20, 2015 at 3:00 P.M.

2. Debtor was represented by attorney Deok J. Kim in the filing of the Chapter 7 Petition.

However, Mr. Kim did not represent Debtor in connection with the negotiation of the Reaffirmation Agreement and did not sign Part C, the certification by Debtor's attorney.

mine whether the agreement that the debtor desires to make complies with the requirements of subsection (c)(6) of this section."

11 U.S.C. § 524(c)(6)(A) provides that a reaffirmation agreement is enforceable only if, "in a case concerning an individual who was not represented by an attorney during the course of negotiating an agreement under this subsection, the court approves such agreement as (i) not imposing an undue hardship on the debtor or a dependent of the debtor; and (ii) in the best interest of the debtor."

*A. Factors the Court Should Consider in Reviewing a Reaffirmation Agreement.*

█ In order for the Agreement filed by Creditor to be enforceable, the Court must make these determinations. In considering whether or not the Agreement poses an undue hardship or is in the best interest of the debtor, this Court considers various non-exclusive factors, including: [1] the debtor's income and expenses; [2] debtor's ability to make the reaffirmation payments; [3] the debtor's payment history; [4] the debtor's equity in the collateral, if any; [5] the extent to which the vehicle is secured or undersecured; [6] the debtor's need for the vehicle, including the number of drivers in debtor's household; [7] whether or not debtor owns other vehicles; [8] the interest rate on the loan on the vehicle; [9] the number of payments remaining under the reaffirmation agreement; [10] whether or not debtor is relying, in whole or in part, on other persons to make the reaffirmation payments and, if so, what evidence the Court has regarding such persons' willingness and ability to pay; [11] and whether or not debtor or someone other than the debtor has had, or will have, the use of the vehicle. Additional very important factors include: [12]

whether or not the creditor will allow the debtor to keep the collateral in the absence of a reaffirmation agreement if the debtor remains current on debtor's payments ("Ride Through"); [13] the remaining balance on creditor's loan; [14] whether or not, according to the creditor's records, debtor is current on debtor's payments; [15] debtor's payment history—specifically, according to the creditor's records; and [16] whether or not creditor has offered some concessions to debtor in exchange for entering into the reaffirmation agreement. *See In re Claflin*, 249 B.R. 840 (1st Cir. BAP 2000) (factors to be considered include: alternatives to reaffirmation where a debtor can still retain property; the threat of repossession; the amount of equity in the collateral; and debtor's payment history on the collateral); *In re Strong*, 232 B.R. 921, 924 (Bankr. E.D.Tenn.1999); *see also In re Caraballo*, 386 B.R. 398 (Bankr.D.Conn.2008) (reaffirmation disapproved because debtor had a ride through).

*B. Creditor's Appearance at the Reaffirmation Hearing is Critical*

█ Typically, the creditor is the party in the best, or only, position to present evidence regarding some of these factors. For example, only the Creditor can advise the Court and the Debtor whether the Creditor will accept a "ride-through" in this case. The debtor is usually unable to secure a binding promise of a ride-through from the creditor until the time of the hearing. In this Court's experience, many creditors, and lawyers for creditors, will not promise the debtor or debtor's counsel a ride-through unless and until the matter goes before the court for hearing.[3] This issue of whether the creditor

---

**3.** Creditor's lawyers will sometimes say in Court that their clients decide to promise a

ride-through on a case by case basis. The undersigned judge typically then asks the at-

will accept a ride-through in the absence of a reaffirmation agreement is critical to a determination of whether the reaffirmation agreement is in the debtor's best interest. Similarly, the creditor is in the best position to report whether the debtor is current to the creditor on payments and, if not, how far behind the debtor is. Often, the debtor does not know that the debtor is behind or how far behind debtor is. This too is critical because it makes no sense for a debtor to reaffirm a debt and then have that debtor's vehicle picked up by the creditor because debtor is behind in payments. Then, the creditor will likely sell the vehicle at an auction and can come after the debtor for the difference between what the creditor received at the auction plus the cost of sale and the amount debtor reaffirmed (less any reaffirmation payments). The debtor is left without a vehicle and with non-discharged debt, a terrible result.

Also, in this Court's experience, creditors will sometimes offer debtors concessions at the hearing to reaffirm that were not offered before, such as a lower interest rate, lower payments, and or reductions in principal. For these and other reasons it is very important that creditors appear at reaffirmation hearings—whether or not the debtor is in propria persona. Absent the creditor's appearance, the Court would be unable to determine whether or not the Agreement complies with 11 U.S.C § 524(c)(6)(A) and the Agreement would remain unenforceable. Accordingly, in this case, the Court ordered both the

Debtor and the Creditor to appear at the original reaffirmation hearing on January 14, 2015 at 10:30 A.M., so as to make the determinations pursuant to 11 U.S.C. § 524(c)(6)(A).[4]

### C.   The Facts of this Case

The Order setting the original reaffirmation hearing was entered on December 31, 2014. The December 31, 2014 Order is attachment "B" hereto. The Agreement was filed by Creditor's representative, Carrie Hillman; Creditor was not represented by counsel at the time the Agreement was made. The December 31, 2014 Order required Creditor or Creditor's Counsel to appear at the January 14, 2015 hearing and to be prepared to respond to the Court's concerns discussed in the December 31, 2014 Order. Several days prior to the hearing, the Court's staff, Maryia Yahorava, contacted Creditor's bankruptcy department to ensure that Creditor's representative would be available telephonically to appear at the hearing. A representative from Creditor's Bankruptcy Department stated that Carrie Hillman would be available to appear at the hearing and that the Court could contact her directly at (877) 905–0908, extension 2650017.

On the day of the January 14, 2015 hearing, 30 minutes before the hearing started, the Courtroom Deputy, Anna Rosales, attempted to contact Carrie Hillman directly, but no one answered the phone. The Courtroom Deputy attempted to leave a message; however, Carrie Hillman's

torney to secure a binding promise from his or her client as to whether the creditor will accept a ride-through in this situation. In this Court's experience the creditors usually will make a binding commitment to the debtor to allow a ride through in those situations.

**4.** Under this District's Local Rule 9010–1, corporations, partnerships, and any entity other than a natural person may not appear

as a party in an adversary proceeding or contested matter except through counsel admitted to practice in this District. This Court normally waives that requirement for appearances at reaffirmation hearings. Hence, the orders setting these hearings provide that either Creditor or Creditor's counsel may appear.

voice mail was full. During the January 14, 2015 hearing, the Courtroom Deputy also attempted to reach a live representative by calling Creditor's Office at (877) 905–0908, but was put on hold. The Debtor appeared at the hearing in person and stated his appearance on the record.

The Court, by Order entered on January 14, 2015, continued the hearing to February 4, 2015 at 10:30 A.M. In that Order the Court cautioned the Creditor that sanctions will be imposed for failure to appear again. The January 14, 2015 order is attachment "C" hereto.

On January 28, 2015, the Court's staff, Tri Pham, contacted the Creditor days in advance of the hearing in order to ensure that the Creditor's representative would be available telephonically at the February 4, 2015 hearing. Mr. Pham spoke with Creditor's Representative, "Doris," who identified herself as employee I.D. No. V885290. Mr. Pham informed her about the Order entered on January 14, 2015 alerting Creditor that sanctions would be imposed if Creditor failed to appear again. Doris stated that Carrie Hillman would be available to appear at the February 4, 2015 hearing at 10:30 A.M. Pacific Time and confirmed that Carrie Hillman's direct line is (877) 905–0908, extension 2650017. Moreover, Doris stated that Doris would be available as Carrie Hillman's backup and that Doris' direct line is (877) 905–0908 extension 2650012.

On the day of the February 4, 2015 hearing at approximately 10:30 A.M., the Courtroom Deputy, Anna Rosales, called Creditor's Representative, Carrie Hillman, on her direct line, but no one answered. The Courtroom Deputy then left a message for Creditor's Representative to call back to the Court's direct line into the courtroom at (408) 278–7533. The Courtroom Deputy then called Carrie Hillman's backup, Doris, on her direct line. However-

er, no one answered and the Courtroom Deputy left a message for Creditor's representative to call back on the Court's direct line into the courtroom at (408) 278–7533. The Courtroom Deputy then attempted to contact each of Creditor's two representatives again, but, again, no one answered. Toward the end of the reaffirmation calendar at approximately 11:20 A.M., the undersigned Judge, on the record, attempted to contact both representatives again by telephone to give Creditor one additional chance to appear before the Court issued its order. However, no one answered at either telephone number.

Debtor was in court and stated his appearance on the record. Debtor stated that Debtor took one and a half hours off work to attend the January 14, 2015 hearing and one hour off work to attend the February 4, 2015 hearing. Debtor also stated that Debtor spent approximately 5 to 10 minutes to travel from work to the Courthouse for each hearing. Therefore, the total travel time Debtor spent to and from the courthouse in order to attend both hearings was 20 to 40 minutes. The Court concluded from Debtor's statements that Debtor took a total of approximately 3 hours off work to attend both hearings.

The Debtor also stated that he earned $38 per hour. Therefore, in accordance with the order issued on January 14, 2015, the Court sanctioned Creditor $114 as compensation for time Debtor took off work to attend both the January 14, 2015 and February 4, 2015 hearings. Additionally, in accordance with the order issued on January 14, 2015, the Court sanctioned Creditor $1,000 for failure to appear at the February 4, 2015 hearing, and continued the hearing again to March 18, 2015 at 10:30 A.M. Pursuant to the March 6, 2015 Order, the hearing is now continued to March 20, 2015 at 3:00 P.M. The Order is attachment "D" hereto.

644

### D. Civil Contempt Sanctions

■ The Court has power under 11 U.S.C. § 105(a) to sanction parties for civil contempt. *In re Dyer*, 322 F.3d 1178, 1190 (9th Cir.2003). The standard for civil contempt is clear and convincing evidence that the contemnors violated a specific and definite order of the Court. *Id.* at 1191. Here, this Court's orders required Creditor or Creditor's Counsel to appear at the January 14, 2015 and February 4, 2015 hearings, respectively. The Creditor's representatives assured Court staff that Creditor would appear at each hearing. Neither the Creditor nor Creditor's Counsel appeared at either hearing despite many attempts by the Court to ensure that the Creditor would appear. Additionally, the Court finds, in light of the attempts by the Court's staff and the Courtroom Deputy to reach Creditor and the acknowledgment of Creditor's representative that Creditor would be available to appear, that Creditor's failure to appear at the February 4, 2015 hearing was willful and in bad faith.

■ Accordingly, the Court may issue civil sanctions to compensate Debtor for time Debtor took off from work to attend the hearings. *Id.* at 1192. Debtor stated on the record at the February 4, 2015 hearing that Debtor took off approximately 3 hours from work to attend both hearings and that Debtor earned $38 per hour. Therefore, the Court awarded sanctions of $114, to be made payable to the Debtor.

■ Civil sanctions may also be issued to coerce compliance with a Court Order. *Id.* Generally, sanctions are considered coercive civil sanctions rather than criminal sanctions if the contemnor has an opportunity to reduce or avoid the fine through compliance with the Court's order. Moreover, civil sanctions to coerce compliance should be the least coercive sanction reasonably calculated to win compliance with the Court's orders. *United States v. Flores*, 628 F.2d 521, 527 (9th Cir.1980).

■ Here, the Court warned the Creditor by Order entered on January 14, 2015 that failure to appear at the February 4, 2015 hearing would result in sanctions. Additionally, the Court staff, when contacting the Creditor telephonically to inform the Creditor's representative about the February 4, 2015 hearing, also informed the Creditor's representative that an Order had been issued warning of sanctions for failure to appear at the February 4, 2015 hearing. Therefore, the Creditor had the opportunity to avoid or reduce coercive sanctions by appearing at the February 4, 2015 hearing.

Moreover, as the Creditor is one of the major financial institutions in this country, the Court finds that at least $1,000 in sanctions is necessary to coerce future compliance with the Court's orders. The Court has explained in this Order why Creditor's presence is necessary for the Court to properly conduct the hearing that the Court is obligated to conduct under 11 U.S.C. § 524(d).

Therefore, at the February 4, 2015 hearing, the Court orally ordered on the record that no later than February 20, 2015, Creditor shall issue a check for $1,114 payable to Ray David Romero and send it to Mr. Ray David Romero at 2856 Alwood Court, San Jose, California, 95148. The Court further ordered that no later than February 20, 2015, Creditor shall also file a declaration with the Court stating that the sanctions payment was issued and mailed as ordered. Creditor's Counsel, Timothy Silverman, entered his appearance on February 17, 2015 and filed a declaration stating that Creditor has complied with the Court's order. The declaration is attachment "E" hereto.

Accordingly, at the risk of incurring additional sanctions, Creditor or Creditor's Counsel shall appear at the continued hearing on the Agreement on March 20, 2015 at 3:00 P.M. Creditor's Counsel may appear by telephone by contacting Court–Call at 866–582–6878 and/or making arrangements with the Court's Courtroom Deputy, Ms. Brook Esparaza, (408) 278–7564, at least three (3) business days prior to the hearing.

*DEBTOR AND CREDITOR OR CREDITOR'S COUNSEL, MR. SILVERMAN, SHALL APPEAR AT THE CONTINUED HEARING AND SHOULD BE PREPARED TO RESPOND TO THE COURT'S CONCERNS, AS STATED IN THE COURT'S DECEMBER 31, 2014 ORDER.*

IT IS SO ORDERED.

# Attachment

# A

B27 (Official Form 27) (12/13)

# UNITED STATES BANKRUPTCY COURT
### Northern District of California

In re RAY DAVID ROMERO
    *Debtor*

Case No. 14-53115
Chapter 7

## REAFFIRMATION AGREEMENT COVER SHEET

This form must be completed in its entirety and filed, with the reaffirmation agreement attached, within the time set under Rule 4008. It may be filed by any party to the reaffirmation agreement.

1. Creditor's Name: JPMorgan Chase Bank, N.A.

2. Amount of the debt subject to this reaffirmation agreement:
  $ 5,403.63 on the date of bankruptcy $5,251.32 to be paid under reaffirmation agreement

3. Annual percentage rate of interest: 13.99 % prior to bankruptcy
  13.99 % under reaffirmation agreement ( ✓ Fixed Rate ___ Adjustable Rate)

4. Repayment terms (if fixed rate): $197.45 per month for 32 months

5. Collateral, if any, securing the debt: Current market value: $ 8,938.00 KBB
  Description: 2005 TOYOTA SIENNA

6. Does the creditor assert that the debt is nondischargeable? ___ Yes ✓ No
(If yes, attach a declaration setting forth the nature of the debt and basis for the contention that the debt is nondischargeable.)

**Debtor's Schedule I and J Entries**

7A. Total monthly income from $4792
  Schedule I, line 12

8A. Total monthly expenses $5321.00
  from Schedule J, line 22

9A. Total monthly payments on $ 0
  reaffirmed debts not listed on
  Schedule J

**Debtor's Income and Expenses
as Stated on Reaffirmation Agreement**

7B. Monthly income from all $ 4792.00
  sources after payroll deductions

8B. Monthly expenses $ 5321.00

9B. Total monthly payments on $ 0
  reaffirmed debts not included in
  monthly expenses

10B. Net monthly income $ (529.00)
  (Subtract sum of lines 8B and 9B from
  line 7B. If total is less than zero, put the
  number in brackets.)

B27 (Official Form 27) (12/13)                                              Page 2

11.    Explain with specificity any difference between the income amounts (7A and 7B):

12.    Explain with specificity any difference between the expense amounts (8A and 8B):

       If line 11 or 12 is completed, the undersigned debtor, and joint debtor if applicable, certifies that any explanation contained on those lines is true and correct.

_____        _____
Signature of Debtor (only required if        Signature of Joint Debtor (if applicable, and only
line 11 or 12 is completed)                   required if line 11 or 12 is completed)

**Other Information**

☐      Check this box if the total on line 10B is less than zero. If that number is less than zero, a presumption of undue hardship arises (unless the creditor is a credit union) and you must explain with specificity the sources of funds available to the Debtor to make the monthly payments on the reaffirmed debt.

Was debtor represented by counsel during the course of negotiating this reaffirmation agreement?
_____Yes          __X__No

If debtor was represented by counsel during the course of negotiating this reaffirmation agreement, has counsel executed a certification (affidavit or declaration) in support of the reaffirmation agreement?
_____Yes          __X__No

### FILER'S CERTIFICATION

       I hereby certify that the attached agreement is a true and correct copy of the reaffirmation agreement between the parties identified on this Reaffirmation Agreement Cover Sheet.

_____
Signature

CARRIE HILLMAN                    Creditor
Print/Type Name & Signer's Relation to Case

B2l40A/B ALT (Form 240A/B ALT) (Reaffirmation Agreement) (12/11)

☐ Presumption of Undue Hardship
☐ No Presumption of Undue Hardship
(Check box as directed in Part D: Debtor's Statement in Support of Reaffirmation Agreement.)

## UNITED STATES BANKRUPTCY COURT
Northern District of California

In re RAY DAVID ROMERO
              Debtor

Case No. 14-53115
Chapter 7

### REAFFIRMATION AGREEMENT
*[Indicate all documents included in this filing by checking each applicable box.]*

☑ Part A: Disclosures, Instructions, and Notice to Debtor (pages 1 - 5)

☑ Part B: Reaffirmation Agreement

☑ Part C: Certification by Debtor's Attorney

☑ Part D: Debtor's Statement in Support of Reaffirmation Agreement

☑ Part E: Motion for Court Approval

*[Note: Complete Part E only if debtor was not represented by an attorney during the course of negotiating this agreement. Note also: If you complete Part E, you must prepare and file Form 240C ALT - Order on Reaffirmation Agreement.]*

Name of Creditor: JPMorgan Chase Bank, N.A.

☐ *[Check this box if]* Creditor is a Credit Union as defined in §19(b)(1)(a)(iv) of the Federal Reserve Act

## PART A: DISCLOSURE STATEMENT, INSTRUCTIONS AND NOTICE TO DEBTOR

### I.    DISCLOSURE STATEMENT

*Before Agreeing to Reaffirm a Debt. Review These Important Disclosures:*

### SUMMARY OF REAFFIRMATION AGREEMENT
This Summary is made pursuant to the requirements of the Bankruptcy Code.

### AMOUNT REAFFIRMED

The amount of debt you have agreed to reaffirm:      $ 5,251.32

*The amount of debt you have agreed to reaffirm includes all fees and costs (if any) that have accrued as of the date of this disclosure. Your credit agreement may obligate you to pay additional amounts which may come due after the date of this disclosure. Consult your credit agreement.*

Form 240A/B ALT - Reaffirmation Agreement (Cont.)                    2

## ANNUAL PERCENTAGE RATE

*[The annual percentage rate can be disclosed in different ways, depending on the type of debt.]*

a. If the debt is an extension of "credit" under an "open end credit plan," as those terms are defined in § 103 of the Truth in Lending Act, such as a credit card, the creditor may disclose the annual percentage rate shown in (i) below or, to the extent this rate is not readily available or not applicable, the simple interest rate shown in (ii) below, or both.

(i) The Annual Percentage Rate disclosed, or that would have been disclosed, to the debtor in the most recent periodic statement prior to entering into the reaffirmation agreement described in Part B below or; if no such periodic statement was given to the debtor during the prior six months, the annual percentage rate as it would have been so disclosed at the time of the disclosure statement: _____%.

— And/Or —

(ii) The simple interest rate applicable to the amount reaffirmed as of the date this disclosure statement is given to the debtor: _____%. If different simple interest rates apply to different balances included in the amount reaffirmed, the amount of each balance and the rate applicable to it are:

$ _____ @ _____ %;
$ _____ @ _____ %;
$ _____ @ _____ %.

b. If the debt is an extension of credit other than under an open end credit plan, the creditor may disclose the annual percentage rate shown in (i) below, or, to the extent this rate is not readily available or not applicable, the simple interest rate shown in (ii) below, or both.

(i) The Annual Percentage Rate under §128(a)(4) of the Truth in Lending Act, as disclosed to the debtor in the most recent disclosure statement given to the debtor prior to entering into the reaffirmation agreement with respect to the debt or, if no such disclosure statement was given to the debtor, the annual percentage rate as it would have been so disclosed: 13.99 %:

— And/Or —

(ii) The simple interest rate applicable to the amount reaffirmed as of the date this disclosure statement is given to the debtor: _____%. If different simple interest rates apply to different balances included in the amount reaffirmed, the amount of each balance and the rate applicable to it are:

Form 240A/B ALT - Reaffirmation Agreement.(Cont.)                    3

$ _____ @ _____ %;
$ _____ @ _____ %;
$ _____ @ _____ %.

    c.  If the underlying debt transaction was disclosed as a variable rate transaction on the most recent disclosure given under the Truth in Lending Act:

        The interest rate on your loan may be a variable interest rate which changes from time to time, so that the annual percentage rate disclosed here may be higher or lower.

    d.  If the reaffirmed debt is secured by a security interest or lien, which has not been waived or determined to be void by a final order of the court, the following items or types of items of the debtor's goods or property remain subject to such security interest or lien in connection with the debt or debts being reaffirmed in the reaffirmation agreement described in Part B.

Item or Type of Item                    Original Purchase Price or Original Amount of Loan

2005 TOYOTA SIENNA                               $5,745.00

*Optional—At the election of the creditor, a repayment schedule using one or a combination of the following may be provided:*

Repayment Schedule:

Your first payment in the amount of $ 197.45 _____ is due on __9/12/14__ (date), but the future payment amount may be different. Consult your reaffirmation agreement or credit agreement, as applicable.

— Or —

Your payment schedule will be: _____ (number) payments in the amount of $ _____ each, payable (monthly, annually, weekly, etc.) on the _____ (day) of each _____ ( week, month, etc.), unless altered later by mutual agreement in writing.

— Or —

A reasonably specific description of the debtor's repayment obligations to the extent known by the creditor or creditor's representative.

    2.  INSTRUCTIONS AND NOTICE TO DEBTOR

Form 240A/B ALT - Reaffirmation Agreement (Cont.)                    4

Reaffirming a debt is a serious financial decision. The law requires you to take certain steps to make sure the decision is in your best interest. If these steps are not completed, the reaffirmation agreement is not effective, even though you have signed it.

1. Read the disclosures in this Part A carefully. Consider the decision to reaffirm carefully. Then, if you want to reaffirm, sign the reaffirmation agreement in Part B (or you may use a separate agreement you and your creditor agree on).

2. Complete and sign Part D and be sure you can afford to make the payments you are agreeing to make and have received a copy of the disclosure statement and a completed and signed reaffirmation agreement.

3. If you were represented by an attorney during the negotiation of your reaffirmation agreement, the attorney must have signed the certification in Part C.

4. If you were not represented by an attorney during the negotiation of your reaffirmation agreement, you must have completed and signed Part E.

5. The original of this disclosure must be filed with the court by you or your creditor. If a separate reaffirmation agreement (other than the one in Part B) has been signed, it must be attached.

6. If the creditor is not a Credit Union and you were represented by an attorney during the negotiation of your reaffirmation agreement, your reaffirmation agreement becomes effective upon filing with the court unless the reaffirmation is presumed to be an undue hardship as explained in Part D. If the creditor is a Credit Union and you were represented by an attorney during the negotiation of your reaffirmation agreement, your reaffirmation agreement becomes effective upon filing with the court.

7. If you were not represented by an attorney during the negotiation of your reaffirmation agreement, it will not be effective unless the court approves it. The court will notify you and the creditor of the hearing on your reaffirmation agreement. You must attend this hearing in bankruptcy court where the judge will review your reaffirmation agreement. The bankruptcy court must approve your reaffirmation agreement as consistent with your best interests, except that no court approval is required if your reaffirmation agreement is for a consumer debt secured by a mortgage, deed of trust, security deed, or other lien on your real property, like your home.

### YOUR RIGHT TO RESCIND (CANCEL) YOUR REAFFIRMATION AGREEMENT

You may rescind (cancel) your reaffirmation agreement at any time before the bankruptcy court enters a discharge order, or before the expiration of the 60-day period that begins on the date your reaffirmation agreement is filed with the court, whichever occurs later. To rescind (cancel) your reaffirmation agreement, you must notify the creditor that your reaffirmation agreement is rescinded (or canceled).

**Frequently Asked Questions:**

What are your obligations if you reaffirm the debt? A reaffirmed debt remains your personal legal obligation. It is not discharged in your bankruptcy case. That means that if you default on your reaffirmed debt after your bankruptcy case is over, your creditor may be able to take your property or your wages. Otherwise, your obligations will be determined by the reaffirmation agreement which may have changed the terms of the original agreement. For example, if you are reaffirming an open end credit agreement, the creditor may be permitted by that agreement or applicable law to change the terms of that agreement in the future under certain conditions.

Are you required to enter into a reaffirmation agreement by any law? No, you are not required to reaffirm a debt by any law. Only agree to reaffirm a debt if it is in your best interest. Be sure you can afford the payments you agree to make.

What if your creditor has a security interest or lien? Your bankruptcy discharge does not eliminate any lien on your property. A "lien" is often referred to as a security interest, deed of trust, mortgage or security deed. Even if you do not reaffirm and your personal liability on the debt is discharged, because of the lien your creditor may still have the right to take the property securing the lien if you do not pay the debt or default on it. If the lien is on an item of personal property that is exempt under your State's law or that the trustee has abandoned, you may be able to redeem the item rather than reaffirm the debt. To redeem, you must make a single payment to the creditor equal to the amount of the allowed secured claim, as agreed by the parties or determined by the court.

NOTE: When this disclosure refers to what a creditor "may" do, it does not use the word "may" to give the creditor specific permission. The word "may" is used to tell you what might occur if the law permits the creditor to take the action. If you have questions about your reaffirming a debt or what the law requires, consult with the attorney who helped you negotiate this agreement reaffirming a debt. If you don't have an attorney helping you, the judge will explain the effect of your reaffirming a debt when the hearing on the reaffirmation agreement is held.

Form 240A/B ALT - Reaffirmation Agreement (Cont.)                    6

## PART B: REAFFIRMATION AGREEMENT.

I (we) agree to reaffirm the debts arising under the credit agreement described below.

1. Brief description of credit agreement:

   Motor Vehicle Year/Make/Model:
   2005 TOYOTA SIENNA

2. Description of any changes to the credit agreement made as part of this reaffirmation agreement:

SIGNATURE(S):

Borrower:                                            Accepted by creditor:

*Ray Romero*

(Print Name)                                         JPMorgan Chase Bank, N.A.

*Ray Romer*                                          (Printed Name of Creditor)
(Signature)                                          P.O. Box 29505 AZ1-1191
                                                     Phoenix, AZ 85038-9505
Date: 9-18-14                                        (Address of Creditor)

                                                     *Carrie Hillman*
Co-borrower, if also reaffirming these debts:        (Signature)

                                                     CARRIE HILLMAN          Bankruptcy Specialist
(Print Name)
                                                     (Printed Name and Title of Individual
                                                     Signing for Creditor)
(Signature)

Date:                                                Date of creditor acceptance:

                                                     10/29/14

**654**

## PART C: CERTIFICATION BY DEBTOR'S ATTORNEY (IF ANY).

*[To be filed only if the attorney represented the debtor during the course of negotiating this agreement.]*

I hereby certify that (1) this agreement represents a fully informed and voluntary agreement by the debtor; (2) this agreement does not impose an undue hardship on the debtor or any dependent of the debtor; and (3) I have fully advised the debtor of the legal effect and consequences of this agreement and any default under this agreement.

☐ *[Check box, if applicable and the creditor is not a Credit Union.]* A presumption of undue hardship has been established with respect to this agreement. In my opinion, however, the debtor is able to make the required payment.

Printed Name of Debtor's Attorney: _____

Signature of Debtor's Attorney: _____

Date: _____

Form 240A/B ALT - Reaffirmation Agreement (Cont.)                    8

## PART D: DEBTOR'S STATEMENT IN SUPPORT OF REAFFIRMATION AGREEMENT

*[Read and complete sections 1 and 2, OR, if the creditor is a Credit Union and the debtor is represented by an attorney, read section 3. Sign the appropriate signature line(s) and date your signature. If you complete sections 1 and 2 and your income less monthly expenses does not leave enough to make the payments under this reaffirmation agreement, check the box at the top of page 1 indicating "Presumption of Undue Hardship." Otherwise, check the box at the top of page 1 indicating "No Presumption of Undue Hardship"]*

1. I believe this reaffirmation agreement will not impose an undue hardship on my dependents or me. I can afford to make the payments on the reaffirmed debt because my monthly income (take home pay plus any other income received) is $4,792 and my actual current monthly expenses including monthly payments on post-bankruptcy debt and other reaffirmation agreements total $4,766, leaving $ (4,600) make the required payments on this reaffirmed debt.

I understand that if my income less my monthly expenses does not leave enough to make the payments, this reaffirmation agreement is presumed to be an undue hardship on me and must be reviewed by the court. However, this presumption may be overcome if I explain to the satisfaction of the court how I can afford to make the payments here: _I make the necessary adjustments on other expenses so that I have enough to pay for my car._

(Use an additional page if needed for a full explanation.)

2. I received a copy of the Reaffirmation Disclosure Statement in Part A and a completed and signed reaffirmation agreement.

Signed: _Ray Gemero_
(Debtor)

_____
(Joint Debtor, if any)
Date: _9-18-14_

--- Or ---

*[If the creditor is a Credit Union and the debtor is represented by an attorney]*

3. I believe this reaffirmation agreement is in my financial interest. I can afford to make the payments on the reaffirmed debt. I received a copy of the Reaffirmation Disclosure Statement in Part A and a completed and signed reaffirmation agreement.

Signed: _____
(Debtor)

_____
(Joint Debtor, if any)
Date: _____

**656**

### PART E: MOTION FOR COURT APPROVAL:

*[To be completed and filed only if the debtor is not represented by an attorney during the course of negotiating this agreement.]*

### MOTION FOR COURT APPROVAL OF REAFFIRMATION AGREEMENT

I (we), the debtor(s), affirm the following to be true and correct:

I am not represented by an attorney in connection with this reaffirmation agreement.

I believe this reaffirmation agreement is in my best interest based on the income and expenses I have disclosed in my Statement in Support of this reaffirmation agreement, and because (provide any additional relevant reasons the court should consider):

Therefore, I ask the court for an order approving this reaffirmation agreement under the following provisions *(check all applicable boxes)*:

☐ 11 U.S.C. § 524(c)(6) (debtor is not represented by an attorney during the course of the negotiation of the reaffirmation agreement)

☐ 11 U.S.C. § 524(m) (presumption of undue hardship has arisen because monthly expenses exceed monthly income)

Signed: _____
(Debtor)

_____
(Joint Debtor, if any)

Date: _10-21-14_

CANB Live Database

MEANSNO

**U.S. Bankruptcy Court**
**Northern District of California (San Jose)**
**Bankruptcy Petition #: 14-53115**

| | |
|---|---|
| *Assigned to:* Judge Arthur S. Weissbrodt | *Date filed:* 07/24/2014 |
| Chapter 7 | *341 meeting:* 09/02/2014 |
| Voluntary | *Deadline for objecting to discharge:* 11/03/2014 |
| No asset | *Deadline for financial mgmt. course:* 09/07/2014 |

**Debtor**
Ray David Romero
2856 Alwood Ct.
San Jose, CA 95148
SANTA CLARA-CA
SSN / ITIN: xxx-xx-5861

represented by Deok J. Kim
Law Offices of Deok J. Kim
28 N 1st St. #210
San Jose, CA 95113
(408) 298-6812
Email: deokkimlaw@yahoo.com

**Trustee**
Fred Hjelmeset
P.O.Box 4188
Mountain View, CA 94040
(650)386-5634

**U.S. Trustee**
Office of the U.S. Trustee / SJ
U.S. Federal Bldg.
280 S 1st St. #268
San Jose, CA 95113-3004
()

| Filing Date | # | Docket Text |
|---|---|---|
| 07/24/2014 | 1 (41 pgs) | Chapter 7 Voluntary Petition. Fee Amount $335. Financial Management Certificate Due Prior to Discharge. Filed by Ray David Romero. Order Meeting of Creditors due by 08/7/2014. (Kim, Deok) (Entered: 07/24/2014) |
| 07/24/2014 | 2 | Statement of Social Security Number. Filed by Debtor Ray David Romero (Kim, Deok) (Entered: 07/24/2014) |
| | 3 (7 pgs) | Chapter 7 Statement of Current Monthly Income and Means Test Calculation - Form 22A . Filed by Debtor Ray David Romero (Kim, Deok) (Entered: |

Case: 14-53115   Doc# 8-1   Filed: 10/30/14   Entered: 10/30/14 07:34:52   Page 1 of
https://ecf.canb.uscourts.gov/cgi-bin/DktRpt.pl?118614809445776-L_1_0-1                          8/15/2014

Vehicle Inquiry Report                                    Page 1 of 1

≈ DealerTrack®          Vehicle Inquiry Report

All vehicle inquiries performed via the online system must adhere to the requirements of the California Department of Motor Vehicles requestor agreement. Unauthorized system access or misuse of the printout is strictly prohibited.

## USER SUMMARY

Transaction: 33120 08142014164808        Date: 08/14/2014
Company: CMS - CHASE AUTO FINANCE        Time: 04:48 PM EDT
          BANKRUPTCY
Search For: 5TDZA23C55S269847            User ID: RG
Purpose: Trade-In                       Vehicle Type: AUTO
DMV Reason: VEHICLE TRANSFER            Note:

## REGISTRATION INFORMATION

Expiration Date: 01/02/2015             Engine:
License: 5LRA625                        VIN: 5TDZA23C55S269847
Sub Plate:                              Equip:

## OWNER INFORMATION

R/O: ROMERO RAY D OR ROMERO MARICELA, 2856 ALWOOD CT, SAN JOSE, 95148.
L/O: JPMORGAN CHASE BK, PO BX 901033, FT WORTH, TX, 76101
County: 43 - SANTA CLARA        Allocated County:                    L/O Code: Z

## VEHICLE INFORMATION

Reg Cert Date: 04/15/2014    Model Year: 05        Body Model: SV
Own Cert Date: 04/16/2014    Make: TOYT            Body: SportsVan (Dodge)
Year 1st Sold: 04            Fuel: GASOLINE        Axles:
Year: 14                     Cylinders:            Weight:
VLF Class: BT                Hull:                 Prorate:
Vehicle Type: AUTO OLD
License Type: Regular Auto

## RECORD STATUS

04/16/14    SMOG DUE 01/02/16
            LIENHOLDER PAPERLESS TITLE U52140416
            NO MAILING ADDRESS
03/28/2014  ODOMETER: 133,842 MILES ACTUAL MILEAGE

———————————————— END OF RECORD ————————————————

## FEE ESTIMATION

No fees are currently due on this vehicle. The registration is current and not within 75 days of renewal.

================ END OF PRINTOUT ================

**660**

```
AMAI          08/15/14        ACCOUNT INQUIRY        10:03:23
CUR
CTL2 400   CTL3 452   CTL4 0000   ACCT          5308    EFF DATE      07/24/14
CTL2 000   CTL3 000   CTL4 0000   CUST                  ACTIVE ACCOUNT
                               ******* RATES ********   SIMPLE INT - FIXED RATE
PAYOFF                5403.63                            AUTO DR              N
ORIG LOAN AMT         5745.00    CURR RATE  13.9900000   PROD TYPE         CUSF
ORIG PROCEEDS         5745.00    ORIG RATE  13.9900000   PRIM OFFICER     38591
LT CHG DUE               0.00    PER DIEM    2.0538263   GL KEY 0001400452   40
FEES DUE                 0.00    ******* DATES ********  CALL CODE         06B0
CURRENT PRIN          5358.45    CONTRACT DATE  03/28/14 ***** REPAYMENTS *****
CURRENT INT             45.18    CURR MATURITY  04/12/17 CURR TERM           36
SCH PYMT AMT           197.45    CLOSED DATE             PYMTS MADE           3
CUR PYMT AMT           197.45    SCHED DUE DATE 08/12/14 PYMTS REM           33
PAST DUE AMT             0.00    OLDEST DUE DATE 08/12/14 MONTHS EXTD  0 REN 000
PARTIAL PAID            0.00     LAST MAINT DT   04/18/14 YTD INT COL     205.80
****************************     LST BAL CHG DT  07/02/14 INT COL PRV       0.00
RAY D ROMERO                                             ***** CREDIT HIST *****
2856 ALWOOD CT                                           011 030 060 090 120 150
                                          COLLATERAL     000 000 000 000 000 000
SAN JOSE              CA 95148-2612 CODE: 65TU
PH (    )                           DESC: 2005 TOYOTA SIENNA
PF1-NEXT STAT PF2-PREV STAT PF3-ADDL INFO                              PA2D
```

Page: 1 Document Name: untitled

```
AMAI          08/15/14        ACCOUNT INQUIRY        10:03:23
CUR
CTL2 400   CTL3 452  CTL4 0000  ACCT         5308     EFF DATE      08/15/14
CTL2 000   CTL3 000  CTL4 0000  CUST                  LEGAL STAT = LL
                            ******** RATES *********  SIMPLE INT - FIXED RATE
PAYOFF           5251.32                               AUTO DR              N
ORIG LOAN AMT    5745.00   CURR RATE   13.9900000     PROD TYPE          CUSF
ORIG PROCEEDS    5749.29   ORIG RATE   13.9900000     PRIM OFFICER      38591
LT CHG DUE          0.00   PER DIEM     2.0119943     GL KEY 0001400452   .40
FEES DUE            0.00   ******** DATES ********    CALL CODE          06B0
CURRENT PRIN     5249.31   CONTRACT DATE   03/28/14   ***** REPAYMENTS *****
CURRENT INT         2.01   CURR MATURITY   04/12/17   CURR TERM            36
SCH PYMT AMT      197.45   CLOSED DATE                PYMTS MADE            4
CUR PYMT AMT      197.45   SCHED DUE DATE  09/12/14   PYMTS REM            32
PAST DUE AMT        0.00   OLDEST DUE DATE 09/12/14   MONTHS EXTD   0 REN 000
PARTIAL PAID        0.00   LAST MAINT DT   07/26/14   YTD INT COL      294.11
*********************      LST BAL CHG DT  08/14/14   INT COL PRV        0.00
RAY D ROMERO                                          ***** CREDIT HIST *****
2856 ALWOOD CT                                        011 030 060 090 120 150
                                    COLLATERAL        000 000 000 000 000 000
SAN JOSE              CA 95148-2612 CODE: 65TU
PH (    )                           DESC: 2005 TOYOTA SIENNA
PF1-NEXT STAT PF2-PREV STAT PF3-ADDL INFO                              PA2D
AMPCGIS1 AM7294 1: FIRST STATUS DISPLAYED                              LAST
```

Date: 8/15/2014 Time: 8:00:30 AM

**662**

Kelley Blue Book

 **Kelley Blue Book** The trusted Resource®

Advertisement

## Used 2005 Toyota Sienna
## Pricing Report

Style: LE Minivan 4D
Mileage: 114,000

Buy from a Dealer

## Vehicle Highlights

Based on Good Condition or Better

Fair Purchase Price valid for your area through 8/31/20

Fuel Economy:
City 17/Hwy 24/Comb 20 MPG

Max Seating: 7

Doors: 4

Engine: V6, 3.3 Liter

Drivetrain: FWD

Transmission: Automatic

EPA Class: Minivan

Body Style: Van

Country of Origin: Japan

Country of Assembly: United States

## Your Configured Options

Our pre-selected options, based on typical equipment for this car

Ensure that your rental vehicle configuring this car

**Engine**
V6, 3.3 Liter
**Transmission**
Automatic
**Drivetrain**
FWD
**Braking and Traction**
ABS (4-Wheel)

**Comfort and Convenience**
Air Conditioning
Power Windows
Power Door Locks
Cruise Control
**Steering**
Power Steering
Tilt Wheel
**Entertainment and Instrumentation**
AM/FM Stereo
Cassette
CD (Single Disc)
**Safety and Security**
Dual Air Bags

**Seats**
Power Seat
**Roof and Glass**
Privacy Glass
**Cargo and Towing**
Roof Rack
**Wheels and Tires**
Steel Wheels

## Glossary of Terms

Suggested Retail Price - Suggested Retail Price is representative of dealers' asking prices. It assumes that the vehicle has been fully reconditioned and also takes into account the dealer's profit and costs for

Tip.

# Attachment

# B

Entered on Docket
December 31, 2014
EDWARD J. EMMONS, CLERK
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

DEC 31 2014

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

RAY DAVID ROMERO,

Debtor.

Case No. 14-53115-ASW
Chapter 7

ORDER SETTING REAFFIRMATION
AGREEMENT FOR HEARING

January 14,2015 AT 10:30 a.m.

Under the Bankruptcy Code, if the debtor was not represented by an attorney during the course of negotiating a reaffirmation agreement the Court must hold a hearing to approve such agreement between the debtor and the creditor. 11 U.S.C. §524(d). Accordingly, the Reaffirmation Agreement ('Agreement') between Ray David Romero ('Debtor') and J.P. Morgan Chase Bank, N.A.('Creditor') is set for a hearing on January 14, 2015 at 10:30 a.m. the United States Courthouse, Room 3020, 280 South 1ˢᵗ Street, San Jose, California 95113. **DEBTOR AND CREDITOR OR CREDITOR'S COUNSEL SHALL APPEAR AT THE HEARING AND SHOULD BE PREPARED TO RESPOND TO THE COURT'S CONCERNS, AS STATED BELOW**. The Court may only approve such an agreement if it is in Debtor's best interest and does not impose undue hardship on Debtor or Debtor's dependants. 11 U.S.C.

§ 524 (c)(6)(A).

The Court is concerned that the Agreement, which proposes to reaffirm a debt of $5,251.32, with 32 monthly payments of $197.45, at 13.99% interest, and secured by a 2005 Toyota Sienna, may not be in Debtor's best interest.

**(1) The Agreement may be unnecessary.** The Agreement may not be necessary because this Creditor typically allows a debtor to keep the vehicle if the debtor remains current with payments under the original loan agreement even if a reaffirmation agreement is not approved ['Ride Through'].

**(2) Debtor may not be able to afford payments under the Agreement and a presumption of undue hardship has arisen.** If a debtor's average monthly income less average monthly expenses is less than payments under the reaffirmation agreement, a presumption of undue hardship arises under the reaffirmation agreement. 11 U.S.C. § 524(m)(1). Even if the presumption of undue hardship does not arise under 11 U.S.C. § 524(m), the Court must determine whether the reaffirmation agreement is in the debtor's best interest under 11 U.S.C. § 524 (c)(6)(A)(ii). Such determination should be made at a hearing. 11 U.S.C. § 524 (d).

Debtor's stated monthly income and expenses are:

|  | AGREEMENT PART D | SCHEDULES I & J |
| --- | --- | --- |
| MONTHLY INCOME | $4,792.00 | $4,792.00 |
| MONTHLY EXPENSES (EXCLUDING COLLATERAL) | $4,796.00 | $4,796.00 |
| MONTHLY NET | <$4.00> | <$4.00> |

Debtor's Schedules I and J, as well as Part D of the Agreement, show that Debtor has a negative net monthly income of <$4.00> resulting in a presumption of undue hardship for Debtor.

Case: ... Filed: 12/31/14   Entered: 12/31/14 14:47:43 ... -ASW
AGREEMENT FOR HEARING                2

UNITED STATES BANKRUPTCY COURT
For The Northern District Of California

The presumption of undue hardship remains in place for only 60 days following the filing of the reaffirmation agreement. 11 U.S.C. § 524(m)(1). Courts have the ability to extend this period, however, by providing notice and showing cause. Id. For the purpose of § 524(m)(1), this Order constitutes both notice and cause.

Under 11 U.S.C. § 524(m)(1), the presumption of undue hardship may be rebutted in writing by the debtor; if the presumption is not rebutted to the satisfaction of the court, the court may disapprove the reaffirmation agreement.

Debtor argues in Part D that the Agreement does not constitute an undue hardship by stating "I will make the necessary adjustments on other expenses so that I have enough to pay for my car." However, that is precisely the hardship being presumed. Accordingly, Debtor has not yet rebutted the presumption of undue hardship to the satisfaction of the Court.

(3) The Agreement proposes to reaffirm a debt at a very high interest rate. The interest rate under the Agreement is 13.99%. The Court is concerned that the interest rate under the Agreement is very high compared to other reaffirmation agreements the Court normally reviews.

Prior to the hearing, the Court suggests that Debtor and Creditor consider whether to renegotiate the terms of the Agreement for a reduction of the interest rate, monthly payments, and/or principal balance on debt.

At the hearing, Debtor should be prepared to respond to the Court's concerns, and explain to the Court why the Agreement is in Debtor's best interest. Debtor and Creditor shall also inform the

UNITED STATES BANKRUPTCY COURT
For The Northern District Of California

**666**

Court as to whether Debtor is current under the original lease agreement and, if not, how many payments behind Debtor is, and Debtor shall explain (if applicable) how Debtor plans to become current. Debtor and Creditor or Creditor's counsel are directed to appear at the hearing. Creditor may appear through counsel. If an attorney wishes to appear by telephone, the attorney should contact the Court-call at 866-582-6878 and/or make arrangements with the Court's Courtroom Deputy, Ms. Brook Esparza, (408)278-7564, at least three (3) business days prior to the hearing.

Debtor may appear by telephone at no charge by contacting Ms. Esparza at least three (3) business days prior to the hearing. She will explain the procedure for appearing by telephone.

IT IS SO ORDERED.

DATED: December 31, 2014

ARTHUR S. WEISSBRODT
UNITED STATES BANKRUPTCY JUDGE

UNITED STATES BANKRUPTCY COURT
For The Northern District Of California

## Notice Recipients

District/Off: 0971-3     User: nombawa     Date Created: 12/31/2014
Case: 14-52115     Form ID: pdfeoc     Total: 5

Recipients of Notice of Electronic Filing:
ust    Office of the U.S. Trustee / SJ     USTPRegion17.SJ.ECF@usdoj.gov
tr    Fred Hjelmeset     fhtrustee@gmail.com
aty    Deok J Kim     deokkimlaw@yahoo.com

<div align="right">TOTAL: 3</div>

Recipients submitted to the BNC (Bankruptcy Noticing Center):
db    Ray David Romero     2856 Alwood Ct.     San Jose, CA 95148
     Carrie Hillman     JP Morgan Chase Bank, N.A.     P.O. Box 29505     AZ1-1191     Phoenix, AZ 85038-9505

<div align="right">TOTAL: 2</div>

Court Service List

**Debtor**
Ray David Romero
2856 Alwood Ct.
San Jose, CA 95148
SANTA CLARA-CA

**Debtors' Attorney**
Deok J. Kim
Law Offices of Deok J. Kim
28 N 1st St. #210
San Jose, CA 95113

**Trustee**
Fred Hjelmeset
P.O.Box 4188
Mountain View, CA 94040

**U.S. Trustee**
Office of the U.S. Trustee / SJ
U.S. Federal Bldg.
280 S 1st St. #268
San Jose, CA 95113-3004

**Creditor**
Carrie Hillman
JP Morgan Chase Bank, N.A.
P.O. Box 29505 AZ1-1191
Phoenix, AZ 85038-9505

# Attachment C

670

Entered on Docket
January 14, 2015
EDWARD J. EMMONS, CLERK
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

FILED

JAN 1 4 2015

United States Bankruptcy Court
San Jose, CA

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA.**

In re

Ray David Romero

                              Debtor.

Case No. 14-53115-ASW
Chapter 7

ORDER REGARDING SANCTIONS AND
SETTING CONTINUED REAFFIRMATION
AGREEMENT FOR HEARING ON

*FEBRUARY 4, 2015 AT 10:30 AM*

The Reaffirmation Agreement ("Agreement") between Ray David Romero ("Debtor") and JP Morgan Chase ("Creditor") was set for a hearing on January 14, 2015 at 10:30 A.M. Debtor appeared, and took time off from his employment to appear before the Court in person.

At the risk of incurring sanctions and in contempt of court, no one appeared for Creditor at the January 14, 2015 hearing, and no one informed the Court that Creditor would be failing to appear. The Court's staff contacted Creditor's Office at 877-905-0908 days in advance to ascertain who would appear on behalf of Creditor. Creditor's Office stated that Carrie Hillman would appear at the hearing. However, on the day of the hearing, the Courtroom Deputy, Anna Rosales, contacted Creditor's Representative Carrie Hillman,

ORDER REGARDING SANCTIONS AND
SETTING REAFFIRMATION
AGREEMENT FOR CONTINUED HEARING

<div style="writing-mode: vertical">UNITED STATES BANKRUPTCY COURT
For The Northern District Of California</div>

UNITED STATES BANKRUPTCY COURT
For The Northern District Of California

877-905-0908 ext. 2650017, at 10:00 a.m., but no one answered. The Courtroom Deputy attempted to leave a message, however, Carrie Hillman's voice mail was full. The Courtroom Deputy also attempted to reach a live representative by calling Creditor's Office at 877-905-0908, but was put on hold.

Accordingly, the Reaffirmation Agreement is set for a continued hearing on February 4, 2015 at 10:30 A.M. at the United States Courthouse, Room 3020, 280 South 1st Street, San Jose, California 95113. By e-mail to Courtroom Deputy Brook Esparza no later than January 31, 2015, brook_esparza@canb.uscourts.gov, Creditor shall provide the name and telephone number of the person designated by Creditor to appear at the continued hearing.

Creditor may be sanctioned for the failure to attend the January 14, 2015 hearing. If Creditor contests sanctions for Creditor's failure to appear on January 14, 2015, Creditor should be prepared to explain why it should not be sanctioned to the court at the hearing on February 4, 2015. Creditor will be sanctioned for any failure to attend the continued February 4, 2015 hearing, and will be sanctioned for any failures to attend future hearings for the duration of this case.

DEBTOR AND CREDITOR OR CREDITOR'S COUNSEL SHALL APPEAR AT THE CONTINUED HEARING AND SHOULD BE PREPARED TO RESPOND TO THE COURT'S CONCERNS, AS STATED IN THE COURT'S PREVIOUS DECEMBER 31, 2014 ORDER.

IT IS SO ORDERED.

DATED: 1/14/15

Robert S. Weissbrodt

ARTHUR S. WEISSBRODT
UNITED STATES BANKRUPTCY JUDGE

ORDER REGARDING SANCTIONS AND
SETTING REAFFIRMATION
AGREEMENT FOR CONTINUED HEARING          2

672

Court Service List

Debtor
Ray David Romero
2856 Alwood Ct.
San Jose, CA 95148
SANTA CLARA-CA

Debtors' Attorney
Deok J. Kim
Law Offices of Deok J. Kim
28 N 1st St. #210
San Jose, CA 95113

Trustee
Fred Hjelmeset
P.O. Box 4188
Mountain View, CA 94040

U.S. Trustee
Office of the U.S. Trustee / SJ
U.S. Federal Bldg.
280 S 1st St. #268
San Jose, CA 95113-3004

Creditor
Carrie Hillman
JP Morgan Chase Bank, N.A.
P.O. Box 29505 AZ1-1191
Phoenix, AZ 85038-9505

Case: 14-53115  Doc# 11  Filed: 01/14/15  Entered: 01/14/15 16:11:19  Page 3 of 3
ORDER REGARDING SANCTIONS AND
SETTING REAFFIRMATION
AGREEMENT FOR CONTINUED HEARING          3
CASE# 14-53115-ASW

## Notice Recipients

District/Off: 0971-5          User: eleahan          Date Created: 1/14/2015
Case: 14-53115               Form ID: pdfeoc         Total: 5

Recipients of Notice of Electronic Filing:
ust       Office of the U.S. Trustee / SJ       USTPRegion17.SJ.ECF@usdoj.gov
tr        Fred Hjelmeset          fhtrustee@gmail.com
aty       Deok J. Kim             deokkimlaw@yahoo.com

                                                           TOTAL: 3

Recipients submitted to the BNC (Bankruptcy Noticing Center):
db        Ray David Romero        2856 Alwood Ct.      San Jose, CA 95148
          Carrie Hillman      JP Morgan Chase Bank, N.A.      PO Box 29505 AZI-1191      Phoenix, AZ
          85038-9505

                                                           TOTAL: 2

# Attachment

# D

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

Ray David Romero

Debtor.

Case No. 14-53115-ASW
Chapter 7 ·

ORDER CONTINUED REAFFIRMATION
AGREEMENT FOR HEARING ON

MARCH 20, 2015 AT 3:00 PM

The Reaffirmation Agreement ("Agreement") between Ray David Romero ("Debtor") and JP Morgan Chase ("Creditor") is continued to March 20, 2015 at 3:00 p.m.

DEBTOR AND CREDITOR OR CREDITOR'S COUNSEL SHALL APPEAR AT THE CONTINUED HEARING AND SHOULD BE PREPARED TO RESPOND TO THE COURT'S CONCERNS, AS STATED IN THE COURT'S PREVIOUS DECEMBER 31, 2014 ORDER.

IT IS SO ORDERED.

DATED:    March 6, 2015

ARTHUR S. WEISSBRODT
UNITED STATES BANKRUPTCY JUDGE

ORDER CONTINUED HEARING

# Attachment

# E

TIMOTHY J. SILVERMAN, ESQ., BAR NO. 145264
SOLOMON, GRINDLE, SILVERMAN & WINTRINGER
A Professional Corporation
12651 High Bluff Drive, Suite 250
San Diego, California 92130
Telephone: (858) 793-8500
Facsimile: (858) 793-8263
8170.5398

Attorneys for Secured Creditor
JPMORGAN CHASE BANK, N.A.

## UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA - SAN JOSE DIVISION

| | |
|---|---|
| In re | Case No: 14-53115 |
| RAY DAVID ROMERO, | Chapter 13 |
| Debtor. | DECLARATION OF TIMOTHY J. SILVERMAN RE CHASE'S PAYMENT OF SANCTIONS PURSUANT TO ORDER ENTERED FEBRUARY 5, 2015. |
| | Date: March 18, 2015 Time: 10:30 p.m. Dept: 3020 |
| | The Courtroom of the Honorable Arthur Weissbrodt |

I, Timothy J. Silverman, declares as follows:

1.     I am an attorney at law duly licensed to practice before all the courts of the State of California, including this court. I am a shareholder with the law firm of Solomon, Grindle, Silverman & Wintringer, attorneys of record for Secured Creditor, JPMORGAN CHASE BANK, N.A. ("CHASE").

2.     I have personal knowledge of all facts contained in this declaration, and if called as a witness, would and could testify competently thereto.

///

///

///

3. On February 5, 2015, the Court filed and served its Order Imposing Sanctions and Setting Continued Reaffirmation Agreement for Hearing on March 18, 2015 at 10:30 a.m. ("Order"). A true and correct copy of the Order is attached hereto as Exhibit "1", and incorporated herein by reference.

4. The Order required that CHASE pay sanctions to "Ray David Romero" in the amount of $114.00 for regular damages and $1,000.00 for punitive damages for a total of $1,114.00, no later than February 20, 2015.

5. On February 17, 2015, my office acting on behalf of CHASE, mailed a check in the amount of $1,114.00 to Ray David Romero at the address noted in the Order, i.e., 2856 Alwood Court, San Jose, CA 95148. A true and correct copy of the check, transmittal letter, and envelope with postage paid is attached hereto as Exhibit "2", and incorporated herein by reference.

6. Pursuant to the Order, I will appear as CHASE's representative at the March 18, 2015 hearing to respond to the Court's concerns. I have informed the Court's Courtroom Deputy Brook Esparza that I will be the person designated by CHASE to appear at the hearing. Ms. Esparza has confirmed my intent to appear on this matter. Further, the Court has approved my request to appear telephonically at the hearing.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this 17th day of February, 2015, at San Diego, California.

/s/Timothy J. Silverman
Timothy J. Silverman, Esq.

**678**

FILED

FEB 0 5 2015

United States Bankruptcy Court
San Jose, California

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES BANKRUPTCY COURT
For The Northern District Of California

In re                                   Case No. 14-53115-ASW
                                        Chapter 7
Ray David Romero
                                        ORDER IMPOSING SANCTIONS AND
                                        SETTING CONTINUED REAFFIRMATION
                                        AGREEMENT FOR HEARING ON

                                        MARCH 18, 2015 AT 10:30 AM

              Debtor.
_____/

The Reaffirmation Agreement ("Agreement") between Ray David Romero ("Debtor") and JP Morgan Chase ("Creditor") was set for a hearing on January 14, 2015 at 10:30 A.M. Debtor appeared, and took time off from his employment to appear before the Court in person. Creditor failed to appear and failed to notify the Court of any inability to appear.

The hearing on the Agreement was continued to February 4, 2015 at 10:30 a.m. A copy of the order is attached, which notified Creditor that any failure to appear would result in sanctions. On January 28, 2015, the Court's staff contacted Creditor at 877-905-0908, and spoke to a representative named Doris, who identified

ORDER IMPOSING SANCTIONS AND
SETTING REAFFIRMATION                          CASE# 14-53115-ASW
AGREEMENT FOR CONTINUED HEARING

EXHIBIT    1

**679**

herself as Employee Identification Number V885290 ("Doris"), and confirmed that Creditor's Representative Carrie Hillman (extension 2650017) would appear at the continued hearing on February 4, 2015, and further stated that she herself (Doris) would appear (extension 2650012) if Ms. Hillman was unavailable.

Again at the continued February 4, 2015 hearing, Debtor appeared, and took time off from his employment to appear before the Court in person. And again, Creditor failed to appear and failed to notify the Court of any inability to appear.

Accordingly, Creditor is sanctioned $114 for regular damages in failing to appear at the January 14, 2015 and February 4, 2015 hearings. Creditor is further sanctioned $1,000 in punitive damages for failing to appear at the February 4, 2015 hearing. No later than February 20, 2015, Creditor shall issue a check for $1114 payable to Ray David Romero and send it to Mr. Ray David Romero, 2856 Alwood Court, San Jose, California, 95148. No later than February 20, 2015, Creditor shall also file a declaration with the Court stating that the sanctions payment was issued and mailed as ordered.

At the risk of incurring additional sanctions, Creditor shall send a representative to appear in person at the continued hearing on the Agreement on March 18, 2015 at 10:30 A.M. at the United States Courthouse, Room 3020, 280 South 1st Street, San Jose, California 95113. By e-mail to Courtroom Deputy Brook Esparza no later than March 11, 2015, brook_esparza@canb.uscourts.gov, Creditor shall provide the name and telephone number of the person designated by Creditor to appear at the continued hearing.

ORDER IMPOSING SANCTIONS AND
SETTING REAFFIRMATION
AGREEMENT FOR CONTINUED HEARING          2          CASE# 14-53115-FSW

**UNITED STATES BANKRUPTCY COURT**
**For The Northern District Of California**

01/05/2015 12.29 FAX 4082787630          U.S. Bankruptcy Court          ☑0003/0011

DEBTOR AND CREDITOR OR CREDITOR'S COUNSEL SHALL APPEAR AT THE CONTINUED HEARING AND SHOULD BE PREPARED TO RESPOND TO THE COURT'S CONCERNS, AS STATED IN THE COURT'S PREVIOUS DECEMBER 31, 2014 ORDER (attached).

IT IS SO ORDERED.

DATED:          February 5, 2015

ARTHUR S. WEISSBRODT
UNITED STATES BANKRUPTCY JUDGE

UNITED STATES BANKRUPTCY COURT
For The Northern District Of California

ORDER IMPOSING SANCTIONS AND
SETTING REAFFIRMATION
AGREEMENT FOR CONTINUED HEARING          3          CASE# 14-53115-ASW

Entered on Docket
January 14, 2015
EDWARD J. EMMONS, CLERK
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

FILED

JAN 14 2015

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

Ray David Romero

Debtor.

Case No. 14-53115-ASW
Chapter 7

ORDER REGARDING SANCTIONS AND
SETTING CONTINUED REAFFIRMATION
AGREEMENT FOR HEARING ON

FEBRUARY 4, 2015 AT 10:30 AM

The Reaffirmation Agreement ("Agreement") between Ray David Romero ("Debtor") and JP Morgan Chase ("Creditor") was set for a hearing on January 14, 2015 at 10:30 A.M. Debtor appeared, and took time off from his employment to appear before the Court in person.

At the risk of incurring sanctions and in contempt of court, no one appeared for Creditor at the January 14, 2015 hearing, and no one informed the Court that Creditor would be failing to appear. The Court's staff contacted Creditor's Office at 877-905-0908 days in advance to ascertain who would appear on behalf of Creditor. Creditor's Office stated that Carrie Hillman would appear at the hearing. However, on the day of the hearing, the Courtroom Deputy, Anna Rosales, contacted Creditor's Representative Carrie Hillman,

ORDER REGARDING SANCTIONS AND
SETTING REAFFIRMATION

877-905-0903 ext. 2650017, at 10:00 a.m., but no one answered. The Courtroom Deputy attempted to leave a message, however, Carrie Hillman's voice mail was full. The Courtroom Deputy also attempted to reach a live representative by calling Creditor's Office at 877-905-0908, but was put on hold.

Accordingly, the Reaffirmation Agreement is set for a continued hearing on February 4, 2015 at 10:30 A.M. at the United States Courthouse, Room 3020, 280 South 1st Street, San Jose, California 95113. By e-mail to Courtroom Deputy Brook Esparza no later than January 31, 2015, brook_esparza@canb.uscourts.gov, Creditor shall provide the name and telephone number of the person designated by Creditor to appear at the continued hearing.

Creditor may be sanctioned for the failure to attend the January 14, 2015 hearing. If Creditor contests sanctions for Creditor's failure to appear on January 14, 2015, Creditor should be prepared to explain why it should not be sanctioned to the court at the hearing on February 4, 2015. Creditor will be sanctioned for any failure to attend the continued February 4, 2015 hearing, and will be sanctioned for any failures to attend future hearings for the duration of this case.

DEBTOR AND CREDITOR OR CREDITOR'S COUNSEL SHALL APPEAR AT THE CONTINUED HEARING AND SHOULD BE PREPARED TO RESPOND TO THE COURT'S CONCERNS, AS STATED IN THE COURT'S PREVIOUS DECEMBER 31, 2014 ORDER.

IT IS SO ORDERED.

DATED: 1/14/15

ARTHUR S. WEISSBRODT
UNITED STATES BANKRUPTCY JUDGE

ORDER REGARDING SANCTIONS AND

UNITED STATES BANKRUPTCY COURT
For The Northern District Of California

Court Service List

Debtor
Ray David Romero
2856 Alwood Ct.
San Jose, CA 95148
SANTA CLARA-CA

Debtors' Attorney
Deok J. Kim
Law Offices of Deok J. Kim
28 N 1st St. #210
San Jose, CA 95113

Trustee
Fred Hjelmeset
P.O. Box 4188
Mountain View, CA 94040

U.S. Trustee
Office of the U.S. Trustee / SJ
U.S. Federal Bldg.
280 S 1st St. #268
San Jose, CA 95113-3004

Creditor
Carrie Hillman
JP Morgan Chase Bank, N.A.
P.O. Box 29505 AZ1-1191
Phoenix, AZ 85038-9505

ORDER REGARDING SANCTIONS AND

UNITED STATES BANKRUPTCY COURT
For The Northern District Of California

684

Entered on Docket
December 31, 2014
EDWARD J. EMMONS, CLERK
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

DEC 3 1 2014

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

RAY DAVID ROMERO,

                    Debtor.

Case No. 14-53115-ASW
Chapter 7

ORDER SETTING REAFFIRMATION AGREEMENT FOR HEARING

January 14, 2015 AT 10:30 a.m.

Under the Bankruptcy Code, if the debtor was not represented by an attorney during the course of negotiating a reaffirmation agreement the Court must hold a hearing to approve such agreement between the debtor and the creditor. 11 U.S.C. §524(d). Accordingly, the Reaffirmation Agreement ('Agreement') between Ray David Romero ('Debtor') and J.P. Morgan Chase Bank, N.A.('Creditor') is set for a hearing on January 14, 2015 at 10:30 a.m. the United States Courthouse, Room 3020, 280 South 1st Street, San Jose, California 95113. DEBTOR AND CREDITOR OR CREDITOR'S COUNSEL SHALL APPEAR AT THE HEARING AND SHOULD BE PREPARED TO RESPOND TO THE COURT'S CONCERNS, AS STATED BELOW. The Court may only approve such an agreement if it is in Debtor's best interest and does not impose undue hardship on Debtor or Debtor's dependants. 11 U.S.C.

ORDER SETTING REAFFIRMATION                    CASE# 14-53115-ASW

7

§ 524 (c)(6)(A).

The Court is concerned that the Agreement, which proposes to reaffirm a debt of $5,251.32, with 32 monthly payments of $197.45, at 13.99% interest, and secured by a 2005 Toyota Sienna, may not be in Debtor's best interest.

(1) The Agreement may be unnecessary. The Agreement may not be necessary because this Creditor typically allows a debtor to keep the vehicle if the debtor remains current with payments under the original loan agreement even if a reaffirmation agreement is not approved ['Ride Through'].

(2) Debtor may not be able to afford payments under the Agreement and a presumption of undue hardship has arisen. If a debtor's average monthly income less average monthly expenses is less than payments under the reaffirmation agreement, a presumption of undue hardship arises under the reaffirmation agreement. 11 U.S.C. § 524(m)(1). Even if the presumption of undue hardship does not arise under 11 U.S.C. § 524(m), the Court must determine whether the reaffirmation agreement is in the debtor's best interest under 11 U.S.C. § 524 (c)(6)(A)(ii). Such determination should be made at a hearing. 11 U.S.C. § 524 (d).

Debtor's stated monthly income and expenses are:

|  | AGREEMENT PART D | SCHEDULES I & J |
|---|---|---|
| MONTHLY INCOME | $4,792.00 | $4,792.00 |
| MONTHLY EXPENSES (EXCLUDING COLLATERAL) | $4,796.00 | $4,796.00 |
| MONTHLY NET | <$4.00> | <$4.00> |

Debtor's Schedules I and J, as well as Part D of the Agreement, show that Debtor has a negative net monthly income of <$4.00> resulting in a presumption of undue hardship for Debtor.

ORDER SETTING REAFFIRMATION EXHIBIT 1 CASE# 14-53115-ASW

UNITED STATES BANKRUPTCY COURT
For The Northern District Of California

**686**

The presumption of undue hardship remains in place for only 60 days following the filing of the reaffirmation agreement. 11 U.S.C. § 524(m)(1). Courts have the ability to extend this period, however, by providing notice and showing cause. Id. For the purpose of § 524(m)(1), this Order constitutes both notice and cause.

Under 11 U.S.C. § 524(m)(1), the presumption of undue hardship may be rebutted in writing by the debtor; if the presumption is not rebutted to the satisfaction of the court, the court may disapprove the reaffirmation agreement.

Debtor argues in Part D that the Agreement does not constitute an undue hardship by stating "I will make the necessary adjustments on other expenses so that I have enough to pay for my car." However, that is precisely the hardship being presumed. Accordingly, Debtor has not yet rebutted the presumption of undue hardship to the satisfaction of the Court.

(3) The Agreement proposes to reaffirm a debt at a very high interest rate. The interest rate under the Agreement is 13.99%. The Court is concerned that the interest rate under the Agreement is very high compared to other reaffirmation agreements the Court normally reviews.

Prior to the hearing, the Court suggests that Debtor and Creditor consider whether to renegotiate the terms of the Agreement for a reduction of the interest rate, monthly payments, and/or principal balance on debt.

At the hearing, Debtor should be prepared to respond to the Court's concerns, and explain to the Court why the Agreement is in Debtor's best interest. Debtor and Creditor shall also inform the

ORDER SETTING REAFFIRMATION                    CASE# 14-53115-ASW

UNITED STATES BANKRUPTCY COURT
For The Northern District Of California

EXHIBIT 1

Court as to whether Debtor is current under the original lease agreement and, if not, how many payments behind Debtor is, and Debtor shall explain (if applicable) how Debtor plans to become current. Debtor and Creditor or Creditor's counsel are directed to appear at the hearing. Creditor may appear through counsel. If an attorney wishes to appear by telephone, the attorney should contact the Court-call at 866-582-6878 and/or make arrangements with the Court's Courtroom Deputy, Ms. Brook Esparza, (408)278-7564, at least three (3) business days prior to the hearing..

Debtor may appear by telephone at no charge by contacting Ms. Esparza at least three (3) business days prior to the hearing. She will explain the procedure for appearing by telephone.

IT IS SO ORDERED.

DATED: December 31, 2014

ARTHUR S. WEISSBRODT
UNITED STATES BANKRUPTCY JUDGE

UNITED STATES BANKRUPTCY COURT
For The Northern District Of California

ORDER SETTING REAFFIRMATION                                        CASE# 14-53115-ASH

UNITED STATES BANKRUPTCY COURT

For The Northern District Of California

Court Service List

Debtor
Ray David Romero
2856 Alwood Ct.
San Jose, CA 95148
SANTA CLARA-CA

Debtors' Attorney
Deok J. Kim
Law Offices of Deok J. Kim
28 N 1st St. #210
San Jose, CA 95113

Trustee
Fred Hjelmeset
P.O.Box 4188
Mountain View, CA 94040

U.S. Trustee
Office of the U.S. Trustee / SJ
U.S. Federal Bldg.
280 S 1st St. #268
San Jose, CA 95113-3004

Creditor
Carrie Hillman
JP Morgan Chase Bank, N.A.
P.O. Box 29505 AZ1-1191
Phoenix, AZ 85038-9505
(Also sent via federal express from chambers)

Angie Marth, Esq.
Attorneys for JP Morgan Chase Bank, N.A.
Shapiro, Van Ess, Sherman & Marth, LLP
20 Pacifica, Suite 1460
Irvine, CA 92618
(Also sent via facsimile to 847-879-4836 from chambers)

Steven W. Pite, Esq.
Attorneys for JP Morgan Chase Bank, N.A.
Pite Duncan, LLP
4375 Jutland Drive, Suite 200
P.O. Box 17933
San Diego, CA 92177-0933
(Also send via facsimile to 619-590-1385 from chambers)

ORDER IMPOSING SANCTIONS AND
SETTING REAFFIRMATION                    CASE# 14-53115-ASW
AGREEMENT FOR CONTINUED HEARING          4

2514

**SOLOMON, GRINDLE, SILVERMAN & WINTRINGER**
A PROFESSIONAL CORPORATION
12651 HIGH BLUFF DR., SUITE 250
SAN DIEGO, CA 92130

PACIFIC WESTERN BANK
4525 Executive Dr., Ste. 120
San Diego, CA 92121
90-3620 1222

2/13/2015

PAY TO THE ORDER OF    Ray David Romero                    $ **1,114.00

One Thousand One Hundred Fourteen and 00/100************************************************************** DOLLARS

Ray David Romero

MEMO
Sanctions Payable to Ray David Romero                    AUTHORIZED SIGNATURE

⑈002514⑈ ⑆122238200⑆ 100108782 2⑈

2514

Ray David Romero                                        2/13/2015

| Date | Type | Reference | Original Amt. | Balance Due | Discount | Payment |
|------|------|-----------|---------------|-------------|----------|---------|
| 2/13/2015 | Bill | Sanctions | 1,114.00 | 1,114.00 | | 1,114.00 |
| | | | | | Check Amount | 1,114.00 |

Operating Account        Sanctions Payable to Ray David Romero                    1,114.00

690

■■■■■■■■■■■■■■

SOLOMON, GRINDLE, SILVERMAN & WINTRINGER

A PROFESSIONAL CORPORATION
12651 HIGH BLUFF DRIVE, SUITE 250
SAN DIEGO, CALIFORNIA 92130
TELEPHONE: (858) 793-8500
FAX: (858) 793-8263
www.sgswlaw.com

FILE NO.

TIMOTHY J. SILVERMAN, ESQ.
EXTENSION 248
E-MAIL: TIM@SGSWLAW.COM

8170.5398

## TRANSMITTAL MEMORANDUM

### February 17, 2015

Ray David Romero
2856 Alwood Court
San Jose, CA 95148

In re: *Ray David Romero*
Northern District Bankruptcy Court Case No. 14-53115

ENCLOSURE(S): Draft No. 2514 in the amount of $1,114.00, drawn from the account of Solomon, Grindle, Silverman & Wintringer.

( )   Per our telephone conversation.
( X )   For your handling.
( )   To be signed where indicated and returned to this office as soon as possible.

REMARKS:   This check represents JPMorgan Chase Bank's payment of sanctions ordered by Judge Weissbrodt per Order entered on February 5, 2015.

Thank you.

Very truly yours,

SOLOMON, GRINDLE, SILVERMAN
& WINTRINGER, APC

Timothy J. Silverman

TJS/mk
Enclosure

**SG**
**SW**
Solomon Grindle
Silverman Wintinger
12061 HIGH BLUFF DRIVE, SUITE 250
SAN DIEGO, CALIFORNIA 92130

Ray David Romero
2856 Atwood Court
San Jose, CA 95148

neopost
02/17/2015
$00.46
ZIP 92130
041L11208443

EXHIBIT